**In re U. S. INTERNATIONAL TRADE COMMISSION INVESTIGATION NO. AA1921–147A (ELECTRIC GOLF CARS FROM POLAND).**

**C.D. 4854; Court No. 80–4–00580.**

United States Customs Court.

April 30, 1980.

## OPINION AND ORDER

WATSON, Judge.

Plaintiff, Melex U.S.A. Inc., is an importer of golf cars from Poland, which cars were the subject of an antidumping finding in 1975 (T.D. 75–288). Plaintiff is presently a participant in an administrative proceeding instituted in February, 1980 at its request, in which the defendant International Trade Commission, (I.T.C.) under § 751 of the Tariff Act of 1930, is investigating whether changed circumstances justify a revocation of the previous finding of dumping and remove the threat of material injury to a domestic industry.

In the course of the aforementioned proceeding, plaintiff requested confidential information submitted by domestic interests in accordance with § 777(c)(1) of the Tariff Act of 1930. The I.T.C. denied the request. Plaintiff subsequently brought this action under § 777(c)(2) of the Tariff Act of 1930, seeking court-ordered disclosure of confidential information submitted concerning the price of domestic golf cars.

Defendant has moved to dismiss for failure to state a claim as well as for summary judgment. Plaintiff has made a cross-motion for summary judgment. Oral argument has been held in which the Harley-Davidson Motor Co., Inc., the party submitting the information to which plaintiff's request related, participated.

Defendant raises two basic jurisdictional challenges to the action. The first, which is of lesser consequence, argues that to allow this action would somehow give retroactive application to § 777(c)(2), prior to the January 1, 1980 effective date of the Trade Agreements Act of 1979 (P.L. 96–39). However, it seems clear to the court that the origin and effect of this action is entirely related to events occurring after January 1, 1980. Only after that date was the investigation initiated, the confidential information submitted, and the request for it by plaintiff denied. The entire dispute is directed towards a future decision by the ITC, which will be potentially subject to judicial review under section 516A(2)(B)(iii) of the Tariff Act of 1930, itself a creation of the Trade Agreements Act of 1979. In short, all the operative facts of this dispute arise subsequent to the effective date of the Trade Agreements Act of 1979 and the mere fact that this is an inquiry into the possible revocation of a 1975 dumping finding is of no jurisdictional significance.

Defendant's second jurisdictional challenge is a much more serious one and is based on the text of § 777(c)(2).

"(2) DISCLOSURE UNDER COURT ORDER.—*If* the administering authority denies a request for information under

paragraph (1), or *the Commission denies a request for confidential information submitted by the petitioner or an interested party in support of the petitioner concerning the domestic price or cost of production of the like product,* then application may be made to the United States Customs Court for an order directing the administering authority or the Commission to make the information available. After notification of all parties to the investigation and after an opportunity for a hearing on the record, the court may issue an order, under such conditions as the court deems appropriate, which shall not have the effect of stopping or suspending the investigation, directing the administering authority or the Commission to make all or a portion of the requested information described in the preceding sentence available under a protective order and setting forth sanctions for violation of such order if the court finds that, under the standards applicable in proceedings of the court, such an order is warranted, and that—

"(A) the administering authority or the Commission has denied access to the information under subsection (b)(1),

"(B) the person on whose behalf the information is requested is an interested party who is a party to the investigation in connection with which the information was obtained or developed, and

"(C) the party which submitted the information to which the request relates has been notified, in advance of the hearing, of the request made under this section and of its right to appear and be heard. [emphasis supplied]

Defendant argues that § 777(c)(2), by its explicit language, does not apply to the circumstances in which plaintiff finds itself and does not provide plaintiff with an action for court-ordered disclosure. Defendant stresses that the circumstances described by § 777(c)(2) are the denial of a request for confidential information " . . . submitted by the petitioner or an interested party in support of the petitioner. . . ." Defendant notes that the investigation into

changed circumstances under § 751 has no petitioner. In this respect it stands in marked contrast to the antidumping proceeding described in § 732, which is commenced by the filing of a petition on behalf of an industry, and which therefore fits together easily with § 777(c)(2).

Plaintiff argues that the legislative intention was to provide court-ordered disclosure in all instances and cites with understandable emphasis the report of the Senate Committee on Finance on H.R. 4537 which states as follows at page 100:

Reasons for the provision.—Section 777 provides the maximum availability of information to interested parties consistent with the need to provide adequate protection for information accorded confidential treatment. Petitioners under the antidumping and countervailing duty laws have long contended that their ability to obtain relief has been impaired by its lack of access to the information presented by the exporters and foreign manufacturers. By the same token, importers, exporters, and other respondents in such cases have complained of lack of access to information supplied by the domestic parties to such cases, particularly with respect to the economic health of the domestic industry involved. Access to information at the administrative level is even more imperative under the bill, which provides that the standard of judicial review of most administrative actions in countervailing duty and antidumping duty proceedings is one of review on the administrative record.

Nevertheless, although the court can recognize a question of whether the statutory text completely expresses the legislative intent, it would go beyond judicial interpretation to change the explicit language of the statute. The term "petitioner" simply has too precise a legal meaning to surmise that it was used by the legislature in a loose manner. See, *Case v. Los Angeles Lumber Co.,* 308 U.S. 106, 115, 60 S.Ct. 1, 7, 84 L.Ed. 110 (1939).

It therefore appears that with respect to a proceeding under § 751, the ITC has the discretion under § 777(c)(1) to decide whether or not it will disclose confidential information and that following the exercise of that discretion the information is not subject to court-ordered disclosure under § 777(c)(2).

For the reasons expressed above, it is hereby

ORDERED, that defendant's motion to dismiss be, and the same hereby is, Granted.